UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Byron A., | Civ. No. 26-1365 (PAM/JFD) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Pamela Bondi, Attorney General; Kristi Lynn Arnold Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Bryon A.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the petition.

**BACKGROUND**

Petitioner Byron A. is a citizen of Ecuador. (Id. ¶¶ 7, 14.) In April 2022, he was paroled into the United States under the Department of Homeland Security's discretionary authority pursuant to 8 U.S.C. § 1182(d)(5)(A). (Id. ¶ 3.) He has a work permit and a pending application for asylum. (Id. ¶¶ 43–44, 52, Exs. A, C.) In November 2025, the Department of Homeland Security terminated Petitioner's parole and served him a notice to appear in immigration court, which charged him with being present in the United States without a valid visa. (Id. ¶ 4, Ex. B.) He does not claim to have obtained any legal status in the United States. On February 11, 2026, Respondents apprehended Petitioner after he

appeared in criminal court for proceedings on a DUI, and he remains in ICE custody. (Id. ¶¶ 5, 14, 45.)

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2). The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the record is void of any indication that he lawfully entered the United States, i.e., an immigration officer did not inspect him and authorize his entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."). The statute is clear that parole does not constitute admission. 8 U.S.C. § 1182(d)(5)(A) (dictating that "such parole of such alien shall not be regarded as an admission" and that

2

when the Secretary of Homeland Security determines that the "purposes of such parole . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner contends that because he has resided in the United States since 2022, he is not "seeking admission," and thus he is not subject to § 1225(b)(2)(A)'s requirements. Indeed, many courts agree with Petitioner. However, the Court determines that the growing minority of courts rejecting Petitioner's argument are correct. See, e.g., Buenrostro-Mendez v. Bondi, 166 F.4th 494, 503 (5th Cir. Feb. 6, 2026); Chen v. Almodovar, -- F. Supp. 3d --, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025);

3

Faqirzada v. Rokosky, No. 25-16639 (MAS), 2026 WL 63614, at *2 (D.N.J. Jan. 8, 2026); de Leon Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Mejia Olalde, 2025 WL 3131942, *3–4.  The text of § 1225(b)(2)(A) is clear that a noncitizen who is an "applicant for admission" is necessarily "seeking admission."  See Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1142 (D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)").

Petitioner fails to provide evidence that he has been lawfully admitted to the United States.  "Admission" means lawful entry into the United States, not merely any presence here.  8 U.S.C. § 1101(a)(13)(A).  The statute's plain meaning prevails: Petitioner is an "applicant for admission" because he is present in this country and has not been admitted or granted any lawful status.  Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention.  Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

Moreover, Petitioner filed an application for asylum and ostensibly continues to pursue that status.  "That application seeks to allow him to remain in this country—i.e., to be admitted."  Coronado v. Sec'y, Dep't of Homeland Sec., No. 1:25-CV-831, 2025 WL 3628229, at *7 (S.D. Ohio Dec. 15, 2025).  Even "[i]f actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum is

4

'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil." Chen, -- F. Supp. 3d --, 2025 WL 3484855, at *6.  Indeed, were an applicant not seeking admission to the United States or other lawful status when confronted by an immigration officer, then he or she would voluntarily self-deport.

To the extent Petitioner challenges the Department of Homeland Security's decision to end his parole, the Court lacks jurisdiction to consider that issue.  The relevant statute confers broad discretion on the Secretary of Homeland Security, stating that:

> [t]he Secretary of Homeland Security may . . . in h[er] discretion parole into the United States temporarily under such conditions as [s]he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A).  Thus, the statute makes clear that parole is temporary, offered at the discretion of the Secretary of Homeland Security, and may be terminated when the Secretary determines that the purpose of the parole has been served.  The Eighth Circuit Court of Appeals has clarified that decisions subject to the discretion of the Secretary of Homeland Security under 8 U.S.C. § 1252(a)(2)(B) are "insulated from judicial review." Fofana v. Noem, 163 F.4th 1135, 1139 (8th Cir. 2026).

Finally, Petitioner contends that his arrest was unlawful because Respondents did not have a warrant, but "Section 1225(b) does not include a warrant or an arrest requirement." Melgar, 2025 WL 3496721, at *8. Petitioner's argument fails.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 4, 2026

s/ *Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge